UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYKER WILLIAM SCHENCK, | No. C 11-2502 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| STATE OF CALIFORNIA; et al., | |
| Defendants. | |

## INTRODUCTION

Ryker William Schenck, a prisoner housed at North Kern State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint appears to concern mainly Schenck's experiences in the Marin County Superior Court in a civil action, as he alleges that a court commissioner "violated federal procedures of civil codes & the one judgment rule against Schenck in 1991. Statute *not* barred by time limitations as plaintiff was paid, but has not to date: filed a satisfaction of judgment in case; and then, has also refused any double satisfaction payment." Complaint, p. 3.[1] Schenck also appears to complain about one or more encounters with law enforcement personnel in Marin County. And he apparently is attempting to challenge his current conviction, as well as the

---

[1] The state court civil action has some connection to his current imprisonment, because he stated in a later filing that he had pled guilty to assault with a deadly weapon "for firing a bullet into Court Commissioner Randolph Heubach's house because of 20 years of irreversible damage to me and my family." Docket # 6.

treatment of his wife by law enforcement agents.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has several deficiencies that require an amended complaint to be filed. First, the allegations of the complaint do not make enough sense for the court to understand the specific constitutional violations Schenck is attempting to allege. Although it can be discerned that he is unhappy with something that happened in a state court case, the particular problem is not alleged in a comprehensible way. He does not allege the violation of any federal constitutional right, and does not allege facts showing such a violation. The complaint does not comply with the requirement that the averments be "simple, concise, and direct." Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). At the other end of the spectrum, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and also may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The complaint here does not comply with Rule 8(e).

2

There are no simple, concise and direct averments, and instead the rambling factual allegations are intertwined with apparently irrelevant surplusage that leaves the court guessing as to what the plaintiff means. In his amended complaint, plaintiff must assemble a coherent narrative of his claims.

Second, if Schenck wants to challenge his criminal conviction or sentence, he must file a petition for writ of habeas corpus, but only after he finishes his appeal and exhausts state court remedies as to all claims he wishes to present to the federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Third, any claim for damages based on an allegedly wrongful conviction is barred by the *Heck* rule. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. *See id.* at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the conviction must have been successfully attacked *before* the civil rights action for damages is filed. If plaintiff's conviction is ever set aside, he may file a new civil rights action asserting claims that his prosecution was unconstitutional.

Fourth, Schenck has no standing to complain about violations of his wife's civil rights. Only she has standing to assert such claims and may file a separate action to do so.

Fifth, in his amended complaint, Schenck should take care to link defendants to each alleged constitutional violations. The defendants listed in the complaint are the State of California, Marin County Court Commissioner Heubach, U.S. District Judge Wilken, and Stephanie Hook (Schenck's daughter). It is unclear why he has listed three of these defendants, as there are no allegations against the State of California, Judge Wilken, or Stephanie Hook. In preparing his amended complaint, Schenck should bear in mind that liability under § 1983 arises

3

only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). He should identify each involved defendant by name and link each of them to each claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Finally, Schenck writes that he needs an "appeals attorney in Civ. Case 093411." Complaint, p. 4. That case number apparently refers to his criminal case. This court does not appoint attorneys for appeals in state court. Any requests or motions pertaining to his state court criminal case should be filed in that case and *not* in this case.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **November 14, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: October 12, 2011

_____
SUSAN ILLSTON
United States District Judge

4