UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYKER WILLIAM SCHENCK,

    Plaintiff,

v.

STATE OF CALIFORNIA; et al.,

    Defendants.
                               /

No. C 11-2502 SI (pr)

**ORDER OF DISMISSAL**

    Ryker William Schenck, currently an inmate at the Correctional Training Facility in Soledad, filed this pro se civil rights action under 42 U.S.C. § 1983. The court reviewed Schenck's complaint pursuant to 28 U.S.C. § 1915A and could not understand enough of the complaint to determine whether any of Schenck's constitutional rights might have been violated. The court explained the deficiencies in the complaint and gave Schenck leave to file an amended complaint so that he could attempt to allege a violation of his constitutional rights. October 12, 2011 Order Of Dismissal With Leave To Amend, pp. 2-4. Schenck filed another form civil rights complaint on November 9, 2011 (docket # 17), which the court construes to be an amended complaint. The amended complaint fails to cure the deficiencies identified in the Order of Dismissal With Leave To Amend – most significantly, the allegations in the amended complaint, like those in the original complaint, do not make enough sense for the court to understand the specific constitutional violations Schenck is attempting to allege. This action is dismissed for failure to state a claim upon which relief may be granted.

The earlier order noted that Schenck had stated "that he had pled guilty to assault with a deadly weapon 'for firing a bullet into Court Commissioner Randolph Heubach's house because of 20 years of irreversible damage to me and my family.' Docket # 6." Order Of Dismissal With Leave To Amend, p. 1 n.1. The criminal offense was identified incorrectly: Schenck had not stated that he pled guilty to assault with a deadly weapon but instead had stated that he "plead guilty to a PC, 246." Docket # 6 (errors in source). California Penal Code 246 is entitled, "Shooting at inhabited dwelling house, occupied building, vehicle, or aircraft, or inhabited housecar or camper; punishment."

Schenck sent a "notice of appeal petition for review" to the Ninth Circuit, and that court forwarded the document to this court, where the clerk filed it in this action because one of the case numbers on the document was the case number for this action. *See* Docket # 13, p. 1. The text of the "notice of appeal petition for review" indicates, however, that the order being appealed is not any order in this action (i.e., Case No. C 11-2502), but instead is a November 16, 2011 order from the Ninth Circuit in Ninth Circuit Case No. 11-73174 denying an application for authorization to file a second or successive habeas petition. The notice of appeal at docket # 17 – predating and being unrelated in content to this order – does not act as a notice of appeal from this order. Therefore, if plaintiff wants to appeal, he must file a new notice of appeal in this action.

The court now certifies that an appeal by plaintiff would be frivolous and determines that *in forma pauperis* status shall not continue on appeal for plaintiff. *See* 28 U.S.C. § 1915(a)(3).

The clerk shall close the file.

IT IS SO ORDERED.

Dated: December 23, 2011

SUSAN ILLSTON
United States District Judge

2